UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| EDUARDO CASIANO,<br>    *Plaintiff*,<br>    *v.*<br>UNITED STATES OF AMERICA,<br>    *Defendant*. | Civil No. 3:11cv73 (JBA)<br><br>October 25, 2013 |
|---|---|

**RULING AND ORDER**

On May 20, 2013, the Second Circuit issued a Mandate [Doc. # 53] remanding this case to consider whether Petitioner Eduardo Casiano's August 22, 2012 letter to the District Court Clerk (*see* Ex. to Notice of Appeal [Doc. # 34]), should be construed as a motion for extension of time to appeal Judge Kravitz's[1] rulings dated November 16, 2011 [Doc. # 18] (denying his federal habeas petition pursuant to 28 U.S.C. § 2255) and August 6, 2012 [Doc. # 33] (denying his motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e)).  Also pending before the Court is Petitioner's motion [Doc. # 38] for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  For the following reasons, the Court construes Petitioner's August 22, 2012 letter as a motion for extension of time, which will be granted, *nunc pro tunc*, but denies his motion for relief from judgment.

**I.      Background**

The Court assumes the parties' familiarity with the background of this case, which is laid out in detail in Judge Kravitz's ruling on Petitioner's habeas petition.  (*See* Nov. 16, 2011 Ruling at 1–3.)  Briefly, on October 27, 2006, Petitioner was found guilty by a jury of multiple narcotics trafficking offenses.  (*See United States v. Casiano*, No. 05-cr-195, Jury

---

[1] This matter was transferred to the undersigned on January 28, 2013.

Verdict [Doc. # 918].) Petitioner appealed his conviction and the Second Circuit rejected his appeal by summary order on January 27, 2010. *See United States v. Vera*, 362 F. App'x 199 (2d Cir. 2010). On January 13, 2011, Petitioner commenced the instant action pursuant to 28 U.S.C. § 2255, arguing that his conviction should be overturned as a result of ineffective assistance of counsel and prosecutorial misconduct. (*See* Habeas Pet. [Doc. # 1].) In a ruling dated November 16, 2011, Judge Kravitz denied Petitioner's habeas application, declining to hold an evidentiary hearing or to issue a certificate of appealability. (*See* Nov. 16, 2011 Ruling at 10–11.) On December 19, 2011, Petitioner moved [Doc. # 20] pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The gravamen of Petitioner's claims was that the Court had erred in denying his request to supplement the record before ruling on his § 2255 petition. Judge Kravitz declined the Government's invitation to construe this motion as a second or successive habeas application, and denied the motion on the merits on August 6, 2012, concluding that Petitioner's proposed supplementation filed in conjunction with the motion would not have changed the outcome of the November 16, 2011 ruling, particularly in light of the "crushing" nature of the evidence presented against him at trial. (*See* August 6, 2012 Ruling at 3–4.)

On August 22, 2012, Petitioner wrote to the District Court Clerk, informing the Court that he was currently being held in segregation, and thus was unable to file a notice of appeal to request a certificate of appealability. (*See* Ex. to Notice of Appeal.) This letter was received on September 4, 2012, but was not docketed as a motion for extension of time. On December 17, 2012, Petitioner filed a notice of appeal of the November 16, 2012 and August 6, 2012 rulings. On May 20, 2013 the Second Circuit issued a mandate remanding the case to this Court to consider whether Petitioner's August 22, 2012 "letter

constituted a motion for an extension of time, and if so, whether the motion should be granted." (*See* Mandate.)  Shortly before the mandate issued, Petitioner moved [Doc. # 38] pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's judgment denying his habeas application.  On May 22, 2013, the Government filed a brief with the Court responding to the Second Circuit's mandate and opposing the pending motion.

II.     Discussion

A.      **Motion for Extension of Time**

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a district court has the authority to extend the time to appeal an action if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires[2]; and . . . that party shows excusable neglect or good cause."  The rule further provides that no such extension "may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  In its mandate, the Second Circuit instructed this Court to determine whether Petitioner's August 22, 2012 letter constitutes a timely motion for extension of time, and if so, whether it should be granted for good cause shown.  In his letter, Petitioner informed the Court that although was currently being held in segregation, he intended to "continue[ his] appeal process," and requested that the Court "stop the clock" on the deadline for his appeal.  (*See* Ex. to Notice of Appeal.)

---

[2] Pursuant to Federal Rule of Appellate Procedure 4(a)(4), Petitioner's Rule 59(e) motion stayed the deadline to appeal the Court's November 16, 2011 Ruling, and thus the time for his appeal began running on August 6, 2012, the date of the Court's order denying the motion.  Further, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), because the United States is a party to this action, Petitioner had sixty, rather than thirty, days in which to file his notice of appeal.  Thus, if it constitutes a motion for extension of time, Petitioner's August 22, 2012 letter was timely filed.

Therefore, as the Government concedes, Petitioner's August 22, 2012 constitutes a timely motion for an extension of time to file his notice of appeal. As the Government further concedes, Petitioner's placement in segregation, where he would have been unable to file a notice of appeal, combined with the lack of a ruling on his motion for an extension of time affirmatively setting the deadline for his appeal, constitutes good cause for his failure to file a timely notice of appeal. Therefore, because the Court has the authority to extend the deadline for Petitioner's notice of appeal to fourteen days after the issuance of this ruling, and because Petitioner has already filed a notice of appeal, Petitioner's motion for extension of time is GRANTED, *nunc pro tunc*.

**B.    Motion for Relief from Judgment**

The Government opposes Petitioner's Rule 60(b) motion, arguing that it constitutes a second or successive habeas petition and that this Court therefore lacks jurisdiction to decide Petitioner's claims. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court determined that a Rule 60(b) motion constitutes a successive habeas petition if it "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532 (emphasis in original).[3] However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such motion should not be treated as a second or successive petition. *Id.*

In his motion, Petitioner claims that he is attacking the procedure applied by the Court in its previous rulings, rather than the substance of those rulings. Although a

---

[3] Although *Gonzalez* was decided in the context of a petition under 28 U.S.C. § 2254, district courts within this Circuit have applied its reasoning to cases, like this one, brought pursuant to 28 U.S.C. § 2255. *See, e.g.*, *Schwamborn v. United States*, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007); *Hammie v. United States*, No. 3:01CV960 (RNC), 2005 WL 3543768, at *1 n.4 (D. Conn. Dec. 20, 2005).

review of the motion indicates that the vast majority of the arguments put forward by Petitioner are substantive attacks on the prior decisions of this Court, a liberal construction of Petitioner's pro se filing reveals that Petitioner raises two procedural challenges to the November 16, 2011 ruling.  Petitioner argues that his federal habeas proceedings were procedurally flawed because the Court denied his request to supplement the record, and because the Court declined to hold an evidentiary hearing to explore his ineffective assistance of counsel claims.  The Court has already addressed the first of these claims in its ruling on the Rule 59(e) motion, and Petitioner has not brought any new proposed supplementation to the Court's attention that would lead it to reconsider its prior holding that supplementation would be futile in light of the "crushing" evidence of his guilt presented at trial.  (*See* August 6, 2012 Ruling at 3.)  However, to the extent that Petitioner's Rule 60(b) motion raises a new procedural challenge to his federal habeas proceeding related to the lack of an evidentiary hearing, the Court will address the merits of this claim.  *See Graves v. Smith*, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) ("Petitioner's 60(b) motion is not a successive petition.  Rather than questioning the merits of this court's original decision, petitioner argues that the court's procedures—i.e., its failure to conduct a full evidentiary hearing—did not adequately protect his right to due process.") *aff'd sub nom Graves v. Phillips*,  -- F. App'x --, 2013 WL 3821534 (2d Cir. July 25, 2013).

     Pursuant to 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing."  In his ruling on Petitioner's habeas application, Judge Kravitz held that "[b]ecause none of Mr. Casiano's allegations raise genuine factual disputes that reach beyond the record, and Mr. Casiano has not identified available sources of relevant

5

evidence in support of his bald allegations, the Court sees no need to grant a hearing in this matter." (*See* Nov. 16, 2011 Ruling & Order at 10 (internal citations and quotation marks omitted).) Petitioner argues that the Court erred in relying on the affidavit of trial counsel regarding Petitioner's claims of ineffective assistance of counsel, and that he should have been provided an opportunity to be heard at an evidentiary hearing. However, Petitioner does not point to any independent source of evidence that would contradict trial counsel's claims, other than his own assertions in his multiple filings in this case.

The Second Circuit has recognized that a district court may properly rely on a Petitioner's submissions and a detailed affidavit from trial counsel when evaluating a claim for ineffective assistance of counsel and dismiss such claim without holding an evidentiary hearing. *See Chang v. United States*, 250 F.3d 79, 86 (2001) ("It was, therefore, within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing. The district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions."); *see also Puglisi v. United States*, 586 F.3d 209, 214 (2009) ("We have also held that when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner."). Thus, given the lack of a potential independent source of evidence to call trial counsel's affidavit into question, and in light of Judge Kravitz's familiarity with this case as the trial judge, the Court concludes that an evidentiary

6

hearing was not required to decide Petitioner's ineffective assistance of counsel claims. Therefore, Petitioner's Rule 60(b) motion is denied.

### III.     Conclusion

For the foregoing reasons, the Court construes Petitioner's August 22, 2012 letter as a motion for extension of time to file a notice of appeal and GRANTS Petitioner's motion, *nunc pro tunc*. Petitioner's Motion [Doc. # 38] for Relief from Judgment is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of October 2013.