UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDUARDO CASIANO,<br>    *Petitioner,*<br>        *v.*<br>UNITED STATES OF AMERICA,<br>    *Respondent.* | Civil No. 3:11cv73 (JBA)<br><br><br>May 1, 2014 |

**RULING ON CERTIFICATE OF APPEALABILITY**

On November 16, 2011, Judge Kravitz[1] denied Petitioner Eduardo Casiano's federal habeas petition pursuant to 28 U.S.C. § 2255 and declined to issue a Certificate of Appealability ("COA") with respect to that ruling. (*See* Habeas Ruling [Doc. # 18] at 10–11.) In the context of that ruling, Judge Kravitz also denied Petitioner's motion to supplement the record, and declined to hold an evidentiary hearing, relying instead on a detailed affidavit submitted by Petitioner's former counsel to decide Petitioner's ineffective assistance of counsel claims. (*Id.* at 3, 10.) Petitioner subsequently filed a motion [Doc. # 20] to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which Judge Kravitz construed as a procedural attack on the habeas ruling based on his denial of Petitioner's motion to supplement. On August 6, 2012, Judge Kravitz denied Petitioner's Rule 59(e) motion, noting that Petitioner had been able to produce hundreds of pages of additional documents even though his discovery requests were denied, and concluding that none of the supplemental documents submitted in the context of the Rule 59(e) motion changed the fact that the evidence against him at trial was "crushing" and the performance of his counsel was constitutionally effective. (Rule 59(e) Ruling [Doc. # 33] at 3.) However, Judge Kravitz

---

[1] This matter was transferred to the undersigned on January 28, 2013.

did not address whether or not a COA should issue with respect to his denial of Petitioner's Rule 59(e) motion.

After this case was transferred to the undersigned, Petitioner also filed a motion [Doc. # 38] for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.   The Court construed this motion as a procedural attack on Judge Kravitz's decision not to hold an evidentiary hearing when denying Petitioner's § 2255 petition. (Rule 60(b) Ruling [Doc. # 42] at 3–4.)   On October 25, 2013, the Court denied Petitioner's motion, based on Second Circuit precedent holding that a district court may properly rely on a detailed affidavit from trial counsel when evaluating a claim for ineffective assistance of counsel.  (*Id.* at 6–7 (citing *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001); *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).)   However, the Court did not address whether or not a COA should issue with respect to the denial of Petitioner's Rule 60(b) motion.   The Court now rules that Petitioner is not entitled to a COA with respect to the denial of either of his post-judgment motions for relief.

For a COA to issue under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right."   *Id.*   In order to sustain this burden, Petitioner would have to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).   "In the context of a denial of a Rule 60(b) [or Rule 59(e)] motion, a substantial showing that the district court abused its discretion indicates that the appeal has the threshold quantum of merit to go forward. . . . [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the

Rule 60(b) [or Rule 59(e)] motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) [or 59(e)] motion, states a valid claim of the denial of a constitutional right." *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001); *see also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) (applying the same standard to a denial of a Rule 59(e) motion).

With respect to the Rule 59(e) motion, Rule 6 of the Rules Governing Section 2255 Proceedings grant the district court discretion as to whether to permit discovery in a § 2255 case.  Petitioner failed to provide any reason for why the requested discovery was necessary or why he was requesting the original documents months after his habeas petition was fully joined.  Even if Petitioner could show that it was an abuse of discretion to deny his motion to supplement the record, Petitioner was subsequently able to provide the Court with hundreds of additional documents in the context of his Rule 59(e) motion. Judge Kravitz considered those documents in ruling on the motion and held that they did nothing to change the "crushing" nature of the evidence presented against Petitioner at trial.  Because Petitioner was ultimately able to supplement the record, he has not met his burden to establish that jurists of reason would find it debatable whether Judge Kravitz abused his discretion in denying the Rule 59(e) motion or whether Petitioner had stated a valid claim of the denial of a constitutional right in his underlying habeas petition.  The Court therefore declines to issue a COA permitting Petitioner to appeal the August 6, 2012 ruling.

With respect to the Rule 60(b) motion, the Second Circuit has repeatedly held that a district court may properly rely on a Petitioner's submissions and a detailed affidavit from trial counsel when evaluating a claim for ineffective assistance of counsel without

holding an evidentiary hearing, particularly where the original trial judge presides over the habeas petition. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) ("It was therefore, within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.  The district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions."); *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) ("We have also held that when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than-full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner.").  Furthermore, Petitioner failed to identify any independent source of evidence to contradict the claims in trial counsel's affidavit that could have necessitated a hearing.  Therefore, Petitioner has not met his burden to establish that jurists of reason would find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion or whether Petitioner had stated a valid claim of the denial of a constitutional right in his underlying habeas petition.  The Court therefore declines to issue a COA permitting Petitioner to appeal the October 25, 2013 ruling.


IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 1st day of May, 2014.

4